# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 CV 6871 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| U.S. BANK NATIONAL ASSOCIATION,) | |
| d/b/a AS TRUSTEE FOR TBW ) | |
| MORTGAGE-BACKED TRUST ) | |
| SERIES 2007-2, 2006-A35; OCWEN ) | |
| LOAN SERVICING, LLC; MORRIS ) | |
| LAING EVANS BROCK & ) | |
| KENNEDY, Chtd., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Acting *pro se*, plaintiff Jonathan Griffin filed a nine-count complaint [1] alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, e, f, and g; the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*; breach of contract; and intentional infliction of emotional distress against defendants U.S. Bank, as Trustee, Ocwen Loan Servicing, LLC, and the law firm Morris Laing Evans Brock & Kennedy.[1] Defendant Morris Laing filed a motion to dismiss Counts II, VI, and X [35]. Defendants U.S. Bank and Ocwen Loan Servicing, LLC filed a motion to dismiss Counts I, III, IV, V, VIII, and IX [57]. By agreement, plaintiff dismissed Counts I, II, and III with prejudice [77] on May 17, 2016, leaving Counts VI and X against defendant Morris Laing and Counts IV, V, VIII, and IX against defendants U.S. Bank and Ocwen Loan Servicing. For the reasons set forth below, defendant Morris Laing's motion to

---

[1] Despite ending with Count X, the Complaint jumps from Count VI to Count VIII. There is no Count VII.

dismiss [35] is granted and defendants U.S. Bank and Ocwen Loan Servicing's motion to dismiss [57] is granted in part and denied in part.

## BACKGROUND

Plaintiff was willed a single-family residence at 9955 S. May Street in Chicago (the "Property") in November 2005. (Compl. ¶¶ 36, 38-39.) In February 2007, plaintiff executed a 30-year mortgage loan with Taylor Bean & Whitaker Mortgage Corp. (*Id.* ¶ 41.) Plaintiff fell behind on his mortgage payment beginning November 1, 2012 and defaulted on the loan. (*Id.* ¶¶ 42-44.) On February 6, 2013, plaintiff's mortgage was assigned to U.S. Bank and on March 3, 2013, Ocwen began servicing the loan. (*Id.* ¶¶ 43-44.) On August 27, 2013, U.S. Bank filed a foreclosure action against the Property and plaintiff in Cook County. (*Id.* ¶ 45.) Plaintiff filed an answer and a counterclaim in that foreclosure action. (*Id.* ¶¶ 47-49.)

In March 2015, plaintiff applied for a loan modification from Ocwen. (*Id.* ¶ 50.) In April 2015, Ocwen offered plaintiff a loan modification agreement which included a letter laying out the terms of the modification. (*Id.* ¶¶ 51, 54, Ex. H.)[2] On May 13, 2015, plaintiff signed the loan modification agreement. (*Id.* ¶ 55, Ex. O.) On May 15, 2015, Morris Laing sent plaintiff a proposed settlement agreement, which plaintiff refused to sign. (*Id.* ¶ 56, Ex. J.) Plaintiff made trial payments in June and August 2015 pursuant to the loan modification agreement. (*Id.* ¶¶ 66, 78.) Ocwen signed the loan modification agreement on July 24, 2015 and on July 31, 2015, plaintiff dismissed his counterclaim in the foreclosure suit. (*Id.* ¶¶ 74, 79.) On September 2, 2015, U.S. Bank dismissed the foreclosure suit. (U.S. Bank and Ocwen's Mot. to Dismiss Ex. 3.) Plaintiff now claims that making the modification agreement contingent upon dismissal and

---

[2] Defendant Morris Laing, the law firm that represented U.S. Bank and Ocwen in the foreclosure action against plaintiff, has attached the letter that accompanied the loan modification agreement to its motion to dismiss. (ML Mot. to Dismiss, Ex. B.)

release of his claims in the foreclosure action was unfair and deceptive. (Compl. ¶¶ 58, 60, 62, 64, 65, 75, 76.)

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

### Defendant Morris Laing Evans Brock & Kennedy

At the outset, defendant law firm Morris Laing argues that plaintiff's complaint should be dismissed with prejudice because it fails to comply with Fed. R. Civ. P. 8(a). Plaintiff responds by stating his complaint has sufficient factual material to allege a plausible claim. The Seventh Circuit has explained that Rule 8(a) "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on the technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)). While plaintiff's complaint includes numerous paragraphs labeled as background, it also lays out each count clearly enough that all defendants have notice of the allegations against them. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 8(a) is denied. *See Gritters v. Ocwen Loan Servicing, LLC*, No. 14 C 916, 2014 WL 7451682, at *3 (N.D. Ill. Dec. 31, 2014).

### Count VI – Illinois Consumer Fraud Act ("ICFA")

Plainiff alleges that Morris Laing violated the ICFA, 815 ILCS 505/2, by engaging in deceptive practices to collect a debt from him. (Compl. ¶ 153.) Specifically, plaintiff states that it was deceptive for defendant Morris Laing to (1) falsely claim plaintiff had to dismiss his counterclaim with prejudice to get the loan modification; (2) falsely claim each party would be liable for costs and fees; (3) falsely tell the court that the modification was part of the settlement agreement; and (4) induce plaintiff to sign the unfair settlement agreement. (*Id*. ¶¶ 154-158.) Plaintiff further alleges that Morris Laing's actions were the proximate cause of his damages, including illegal fees and emotional distress. (*Id*. ¶ 159.) Morris Laing argues that as a law firm representing U.S. Bank and Ocwen Loan Servicing, the ICFA does not apply to it. Alternatively,

defendant argues that even if the ICFA did apply to law firms, plaintiff's fraud allegations fail to meet the heightened pleading standards of Fed. R. Civ. P. 9(b). Plaintiff responds by arguing that the ICFA applies to a defendant law firm because it participated in the scheme to defraud the plaintiff and that defendant's allegation that plaintiff has not sufficiently pleaded his ICFA claim is wrong.

"In *Cripe v. Leiter,* 184 Ill. 2d 185 (1998), the Supreme Court of Illinois held that because 'the attorney-client relationship . . . is already subject to extensive regulation by [the state supreme court],' the ICFA does not 'apply to the conduct of attorneys in relation to their clients.'" *Grant-Hall v. Cavalry Portfolio Servs., LLC,* 856 F. Supp. 2d 929, 944 (N.D. Ill. 2012) (quoting *Cripe,* 184 Ill. 2d at 185). "That principle has been extended beyond suits by clients against their lawyers to claims against someone else's attorney." *Id.* at 944; *see Wilbourn v. Advantage Fin. Partners, LLC,* No. 09 CV 2068, 2010 WL 1194950, at *12 (N.D. Ill. Mar. 22, 2010); *Shalabi v. Huntington Nat'l Bank,* No. 01 C 2959, 2001 WL 777055, at *2-3 (N.D. Ill. July 11, 2001). Here, defendant Morris Laing was working on behalf of its clients U.S. Bank and Ocwen Loan Servicing when it engaged in the actions plaintiff alleges are deceptive and unfair in violation of the ICFA. Because Morris Laing was engaged in the practice of law and courts have held that ICFA does not apply to the practice of law, defendant Morris Laing cannot be held liable for violations of the ICFA. Accordingly, Count VI of plaintiff's complaint is dismissed with prejudice.

**Count X – Intentional Infliction of Emotional Distress ("IIED")**

Plaintiff also alleges that Morris Laing intended to or recklessly disregarded its duties when it required plaintiff to dismiss his counterclaim to get the loan modification and drafted an unfair settlement agreement. (Compl. ¶ 176.) Plaintiff alleges defendant's behavior was extreme

5

and outrageous and caused plaintiff to endure severe emotional distress in the form of anxiety and lack of sleep. (*Id.* ¶¶ 176, 178.) Defendant Morris Laing argues that plaintiff fails to state a claim for IIED because its actions do not rise to the extreme and outrageous level required.

To allege a claim for IIED, "the defendant's conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 438 (7th Cir. 2009). The conduct plaintiff attributes to defendant Morris Laing – requiring plaintiff to dismiss his counterclaim in order to receive a loan modification and drafting an unfair settlement, which plaintiff never signed – does not approach this high standard. *Hardaway v. CIT Grp./Consumer Fin. Inc.,* 836 F. Supp. 2d 677, 686 (N.D. Ill. 2011). Accordingly, Count X of plaintiff's complaint is dismissed with prejudice.

**Punitive Damages**

Plaintiff alleges that an award of punitive damages is appropriate because Morris Laing's conduct was outrageous, willful, and wanton. (Compl. ¶¶ 160, 179.) Because the Court has dismissed both remaining counts against defendant Morris Laing, it need not address whether punitive damages are proper.

**Defendants U.S. Bank, as Trustee and Ocwen Loan Servicing, LLC**

**Counts IV and V – ICFA**

<u>Count IV – Unfairness Against Ocwen</u>

Plaintiff alleges that Ocwen violated 815 ILCS 505/2 by engaging in unfair acts and practices to collect a debt. (Compl. ¶ 125.) Specifically, plaintiff alleges it was unfair for Ocwen to (1) proceed with foreclosure without reviewing plaintiff for loss-mitigation options, including the Home Affordable Modification Program ("HAMP"); (2) not dismiss the foreclosure complaint after plaintiff made trial payments; (3) require plaintiff to dismiss his

6

counterclaim as a condition of obtaining the loan modification; and (4) charge plaintiff inflated property inspection and valuation fees. (*Id.* ¶¶ 126-130, 138.) As a result of these unfair actions, plaintiff claims he suffered credit damage, excessive interest, and legal fees. (*Id.* ¶¶ 135, 139.)

Defendants simultaneously address Counts IV and V in their motion to dismiss and argue that Ocwen complied with its contractual obligation when it dismissed the pending foreclosure action on September 2, 2015, that the imposition of inspection and valuation fees is not unfair or deceptive because they are expressly authorized by the mortgage, and that plaintiff contradicts himself when he alleges that he was not reviewed for a HAMP modification but later states he was denied a HAMP modification after he was told he was eligible. Finally, defendants argue that plaintiff's damages are hypothetical and that permitting plaintiff's claim to survive on such bare allegations would turn every mortgage foreclosure action where the borrower defaults and the lender exercises its rights under the mortgage to preserve collateral into an action for consumer fraud, which cannot be the statute's intent.

"The ICFA is a 'regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices.'" *Grant-Hall,* 856 F. Supp. 2d at 942 (quoting *Siegel v. Shell Oil Co.,* 612 F.3d 932, 934 (7th Cir. 2010)). "The statute provides redress for deceptive business practices and also for business practices that, while not deceptive, are unfair." *Id.* "To prevail on an ICFA claim, a plaintiff must show that (1) the defendant committed a deceptive or unfair act or practice; (2) the defendant intended for the plaintiff to rely on the unfair or deceptive act or practice; (3) the unfair or deceptive practice occurred in the course of trade or commerce; and (4) the unfair or deceptive conduct proximately caused the [p]laintiffs' injury." *Roth v. PNC Bank, N.A.*, No. 15 C 4779, 2015 WL 5731892, at *3 (N.D. Ill. Sept. 30, 2015) (citing *Cocroft v. HSBC*

7

*Bank USA, N.A.,* 796 F.3d 680, 687 (7th Cir. 2015)). "If the plaintiff alleges unfair conduct, the complaint 'need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b).'" *David v. Bayview Loan Servicing, LLC,* No. 15 C 9274, 2016 WL 1719805, at *6 (N.D. Ill. Apr. 29, 2016) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008)).

The Seventh Circuit has held that "whether a practice is unfair depends on a case-by-case analysis," and that three factors should be considered. *Siegel,* 612 F.3d at 935. They include "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.,* 201 Ill. 2d 403, 417-18 (2002). "All three criteria . . . do not need to be satisfied to support a finding of unfairness[,]" but a "bare assertion of unfairness without describing in what manner the [alleged acts] either violate public policy or are oppressive is insufficient to state a cause of action[.]" *Id.* at 418, 421.

Plaintiff's allegations that Ocwen filed for foreclosure without reviewing him for loss mitigation options and conditioned the dismissal of the foreclosure complaint on plaintiff's dismissal of his counterclaim are sufficient to plead an ICFA claim for unfairness. *See Boyd v. U.S. Bank, N.A. ex rel. Sasco Aames Mortg. Loan Series 2003-1,* 787 F. Supp. 2d 747, 751 (N.D. Ill. 2011) (loan servicer's alleged failure to consider plaintiff's eligibility for a HAMP modification was sufficient for an ICFA claim for unfair conduct). However, the Court finds plaintiff's complaint unclear regarding the allegations that defendant Ocwen failed to consider plaintiff for loan modification prior to filing the foreclosure action. In Count IV, plaintiff alleges that he was not so considered (Compl. ¶¶ 126-128, 130, 138), but Count V alleges he applied for HAMP and was denied. (*Id.* ¶ 145.) These two statements make it unclear whether plaintiff is

8

alleging it was an ICFA violation for Ocwen to not consider him for HAMP and other loan modification programs, or if the alleged violation occurred when plaintiff was denied participation in HAMP. Accordingly, plaintiff is given leave to replead his allegations against Ocwen in Count IV so as to clarify its alleged violation of the ICFA.

Count V – Deception Against U.S. Bank and Ocwen

Plaintiff alleges that U.S. Bank and Ocwen violated 815 ILCS 505/2 when they engaged in deceptive practices to collect a debt from him. (*Id*. ¶ 144.) Specifically, plaintiff states it was deceptive for defendants to (1) falsely claim plaintiff had to dismiss his counterclaim to get the loan modification; (2) falsely claim each party would be liable for costs and fees; (3) falsely charge plaintiff inspection fees and property valuations that were not done; (4) falsely claim that if plaintiff made an initial payment and a subsequent payment, his foreclosure case would be dismissed; and (5) falsely claim plaintiff was eligible for HAMP and then deny him the modification when he applied. (*Id*. ¶ 145.) Plaintiff alleges that these deceptive practices resulted in damages, including illegal fees, charges, interest, loss of equity in his home, emotional distress, and medical bills. (*Id*. ¶ 149.)

"If the plaintiff alleges that the defendant engaged in deceptive conduct, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies." *David,* 2016 WL 1719805, at *6. Rule 9(b) requires that plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must allege the "who, what, when, where, and how" of the alleged deceptive conduct. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Specifically, plaintiff must detail "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation

9

was communicated to the plaintiff." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (internal quotation marks omitted). Plaintiff has met some of the heightened pleading standards by including the who and the what required of a deceptive practices ICFA claim, but is missing others including the when, where, and how. Plaintiff is given leave to file an amended complaint repleading his deceptive practices claim pursuant to the heightened pleading standards required by Fed. R. Civ. P. 9(b). *Vangsness v. Deutsche Bank Nat'l Trust Co.,* No. 12 C 50003, 2012 WL 5989354, at *5 (N.D. Ill. Nov. 29, 2012).

**Count VIII – Breach of Contract**

Next, plaintiff alleges that defendants U.S. Bank and Ocwen are in material breach of the note, mortgage, and loan modification because they charged unauthorized fees and costs, failed to provide accurate repayment figures and accurate accounting, and failed to act in good faith. (Compl. ¶¶ 166-167.) Plaintiff asserts that he substantially performed his duties required by the loan modification by tendering all monthly payments. (*Id*. ¶ 165.) Defendants U.S. Bank and Ocwen argue that to the extent plaintiff's claim for breach of contract is based on the Note or Mortgage, the claim is barred by plaintiff's prior material breach. Further, defendants argue that the facts alleged do not constitute a breach of the Modification Agreement.

To successfully plead a breach of contract claim in Illinois, the plaintiff must allege "a valid enforceable contract, plaintiff's performance, defendant's breach of the terms of the contract, and damages resulting from the breach." *Spitz v. Proven Winners N. Am., LLC,* 759 F.3d 724, 730 (7th Cir. 2014). The Court understands plaintiff's complaint to allege that the contract to which he refers is the loan modification. (Compl. ¶ 164.) In his complaint, plaintiff reiterates certain paragraphs of the Modification Agreement (¶¶ 52-53) and generally alleges that defendants breached those paragraphs by charging and collecting costs and fees that were not

authorized therein. (*Id.* ¶ 167.) Plaintiff has not indicated what unauthorized fees and costs he was assessed and paid or how such an assessment breached the loan modification agreement. Accordingly, Count VIII is dismissed as a threadbare recital of a claim for breach of contract. However, because plaintiff is proceeding *pro se*, he is granted leave to file an amended complaint alleging additional facts about what unauthorized fees and costs he was assessed and paid and how such an assessment breached the loan modification agreement he entered into with Ocwen Loan Servicing. *See Tubalinal v. BAC Home Loans Servicing, L.P.,* No. 11 C 4104, 2012 WL 2929959, at *4-5 (N.D. Ill. July 18, 2012) (granting *pro se* plaintiff leave to file a fifth amended complaint to allege additional facts about how defendant breached a trial loan modification agreement).

**Count IX – IIED**

Finally, plaintiff argues defendants' behavior in failing to review him for mitigation prior to foreclosure, charging unauthorized fees, filing a foreclosure action, and approving plaintiff for modification after interest had accrued was extreme and outrageous. (Compl. ¶ 170.) Plaintiff further alleges that as the result of defendants' conduct, he suffered extreme emotional distress that resulted in stress and lack of sleep. (*Id.* ¶ 173.) Defendants U.S. Bank and Ocwen argue that plaintiff does not meet the standard of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress. As with defendant Morris Laing, defendants U.S. Bank and Ocwen's alleged conduct – failing to review plaintiff for loan modification prior to initiating foreclosure, charging unauthorized fees, filing a foreclosure action, and approving plaintiff for loan modification after interest accrued – does not rise to the extreme and outrageous standard as required for an IIED claim. *See Hardaway,* 836 F. Supp. 2d at 686. Accordingly, defendants' motion to dismiss is granted as to Count IX.

## CONCLUSION

For the aforementioned reasons, defendant Morris Laing's motion to dismiss [35] is granted and defendants U.S. Bank and Ocwen Loan Servicing's motion to dismiss [57] is granted in part and denied in part. Plaintiff is given until August 1, 2016 to file an amended complaint as to Counts IV, V, and VIII. Failure to do so will result in dismissal with prejudice of those counts. Plaintiff is directed to set out in each count the facts alleged in support of the claims in that count rather than incorporating facts by reference. If plaintiff files an amended complaint, defendants Ocwen Loan Servicing and U.S. Bank shall answer or otherwise plead by August 22, 2016.

**SO ORDERED.**     **ENTERED:   July 11, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**